```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

MARSHA COLLINS,                   *

    Plaintiff,                  *

vs.                               *    CASE NO. 4:11-CV-111 (CDL)

UNITED STATES OF AMERICA          *
*on behalf of* NICQOLLE HARRIS
TRUITT,                           *

    Defendant.                  *

## O R D E R

Plaintiff Marsha Collins ("Collins") contends that her former coworker, Defendant Nicqolle Harris Truitt ("Truitt"), made defamatory statements about Collins to Collins's supervisors, causing Collins to be terminated from her job as a civilian employee with the United States Army. Though Collins originally brought this action against Truitt, the action is deemed to be against the United States of America ("United States") because it has been certified that Truitt was acting within the scope of her employment at the time of the conduct alleged in the Complaint. Notice of Substitution of Party Def. Attach. 1, Certification of Scope of Employment, ECF No. 1-4; *see* 28 U.S.C. § 2679(d) (providing that a claim based on the acts or omissions of a United States employee who was acting within the scope of her office or employment at the time of the

incident out of which the claim arose is deemed to be an action brought against the United States).[1]  The United States filed a Motion to Dismiss (ECF No. 2), which is presently pending before the Court.  For the reasons set forth below, the Motion to Dismiss is granted.

## MOTION TO DISMISS STANDARD

In this action, the United States brings a facial challenge to subject matter jurisdiction.  "Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint."  *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).  Therefore, when considering a facial challenge to subject matter jurisdiction, the Court must, "as with a Rule 12(b)(6) motion, take the complaint's allegations as true" and determine whether subject matter jurisdiction exists based on those allegations.  *Id.*

## FACTUAL ALLEGATIONS

Collins alleges that she was formerly a civilian employee of the U.S. Army at Ft. Benning, Georgia.  Notice of Removal Attach. 2, Compl. ¶ 5, ECF No. 1-2 [hereinafter Compl.].  Truitt is a civilian employee of the U.S. Army at Ft. Benning and was

---

[1] Collins initially objected to the Notice of Substitution filed by the United States, contending that Truitt was not acting within the scope of her office or employment at the time of the incident out of which the claim arose, but she has since withdrawn that objection  Pl.'s Mot. to Withdraw Objection to Substitution of Party Def. 2, ECF No. 11.  Therefore, there is no dispute that the United States is the proper defendant in this action.

formerly Collins's coworker. *Id.* ¶ 6. Collins was terminated from her position because of statements Truitt made about Collins to Collins's supervisors. *Id.* ¶¶ 7-9. Collins contends that those statements were false and that they were made with the intent of causing Collins's employment to be terminated. *Id.* ¶¶ 10-12. Collins asserts a count for slander, *id.* ¶¶ 14-18, and a count for libel, *id.* ¶¶ 19-22.

## DISCUSSION

The United States contends that Collins's claims are barred by sovereign immunity.[2] The Court agrees. The Federal Tort Claims Act ("FTCA") abrogates the United States' sovereign immunity and allows the United States to be held liable to the same extent as a private person for certain torts committed by federal employees acting within the scope of their employment. *See* 28 U.S.C. § 1346(b)(1). This waiver does not apply to any claim arising out of libel or slander. 28 U.S.C. § 2680(h); *accord O'Ferrell v. United States*, 253 F.3d 1257, 1265-66 (11th Cir. 2001) (discussing libel and slander exceptions to FTCA). The only tort claims alleged in Collins's Complaint are for

---

[2] Collins previously contended in her response to the Motion to Dismiss that Truitt—not the United States—is the correct defendant and is not entitled to sovereign immunity. This contention was based on Collins's assertion that Truitt was not acting in the scope of her employment at the time of the incident out of which the claim arose. Collins has since withdrawn her objection to the Notice of Substitution of Party Defendant, Pl.'s Mot. to Withdraw Objection to Substitution of Party Def. 2, ECF No. 11, and there is now no dispute that the United States is the proper defendant in this action.

slander and libel.  Compl. ¶¶ 14-22.  The United States has not waived its sovereign immunity as to such claims, and the Court therefore lacks subject matter jurisdiction over this action. Accordingly, Collins's Complaint must be dismissed.

## CONCLUSION

As discussed above, the Motion to Dismiss of the United States (ECF No. 2) is granted.

IT IS SO ORDERED, this 27th day of December, 2011.

                                        S/Clay D. Land
                                          CLAY D. LAND
                                   UNITED STATES DISTRICT JUDGE